LUCILLE J. CARNEY, Respondent, *v.* JOHN R. BARES et al., Copartners under the Firm Name of JOHN R. BARES COMPANY, and VAILLANT-DAUVERGNE, INC., Appellants.

By Original Summons and Complaint and

JOHN R. BARES et al., Copartners under the Firm Name of JOHN R. BARES COMPANY, Plaintiffs, v. VAILLANT-DAUVERGNE, INC., Defendant.

By Counterclaim.

First Department, February 26, 1943.

*Harold R. Zeamans* of counsel (*Milton Haas* and *L. O. Rothschild* with him on the brief), for appellants John R. Bares et al.

*Joseph Haskell* for appellant Vaillant-Dauvergne, Inc.

*J. Neil Senecal* of counsel (*Gregory S. Rivkins* with him on the brief; *Hill, Rivkins & Middleton*, attorneys), for respondent.

Order, so far as appealed from, reversed with twenty dollars costs and disbursements to the defendants appearing by separate counsel and filing briefs herein; the motion to strike out the first defense of the defendants Bares et al. denied, the motion to strike out the first and third defenses of the defendant Vaillant-Dauvergne, Inc., denied, and the cross-motion of defendant Vaillant-Dauvergne, Inc., for examination before trial of the plaintiff Lucille J. Carney granted. No opinion. The date for the examination to proceed to be fixed in the order. Settle order on notice.

MARTIN, P. J., TOWNLEY and GLENNON, JJ., concur; DORE, J., dissents and votes to affirm; UNTERMYER, J., dissents and votes to affirm in opinion.

UNTERMYER, J. (dissenting). The present case is distinguishable from *Cocoa Trading Corp.* v. *Bayway Terminal Corp.*, 265 App. Div. 801, where the defendants' affidavits alleged as a fact that "the said Insurance Company became by subrogation and assignment from plaintiff the absolute owner of the claim herein sued upon and the assignee of all of plaintiff's rights, if any, to recover thereunder." That statement of fact was not effectively denied by the only affidavit submitted by the plaintiff, made by its attorney, which relied exclusively on the existence of the loan receipt. The affidavits thus presented an issue of fact whether at the time of the execution of the loan receipt the plaintiff, as alleged by the defendant, had also assigned its cause of action to the insurer.

In the present case the affidavits submitted by the defendants contain no corresponding allegation of fact, but rely exclusively on the loan receipt as establishing an assignment to the plaintiff's insurer. The affidavits, therefore, present no issue of fact since under the authorities referred to by the Special Term the loan receipt, standing alone, does not constitute an assignment of the plaintiff's claim.

The order should accordingly be affirmed.